In the Matter of SAMUEL SIEGEL, an Attorney, Respondent. NEW YORK COUNTY LAWYERS' ASSOCIATION, Petitioner.

First Department, June 22, 1943.

*Emery H. Sykes* of counsel (*George R. Adams*, attorney), for petitioner.

*Irving E. Kanner* for respondent.

*Per Curiam.* The respondent, on or about November 14, 1939, borrowed from one Mary Petletsky the sum of $1,000, giving her as security for its repayment an assignment of $1,050 of fees which he was entitled to receive in connection with certain pending condemnation proceedings. He promised to repay the loan within seven or eight weeks. At the expiration of that period, in response to Mrs. Petletsky's request for the money,

he informed her that he would bring it to her as soon as he received it. In May of 1940 he gave her a check for $600, which was not paid. Thereafter he repaid her about $500 in installments. At the time these charges were filed there remained unpaid a balance of $518. After the hearings in this proceeding, the respondent made arrangements satisfactory to Mrs. Petletsky to pay the balance in installments. On May 12, 1943, he filed with this court a receipt signed by complainant's attorney acknowledging payment in full, a general release signed by complainant, her affidavit that all funds due her had been paid, and a satisfaction and cancellation of the assignment.

It appears that subsequent to giving Mrs. Petletsky the assignment as aforesaid, which assignment was not filed, the respondent made additional assignments of the entire amount of his fees in the condemnation proceedings to secure loans obtained by him from third persons. These assignments were not made subject to his prior assignment to Mrs. Petletsky and were duly filed. The respondent thus in effect diverted to his own use the moneys which he had assigned to the complaining witness as security for the payment of her loan, which loan he has repaid as above indicated.

The respondent raised no issue with respect to the aforesaid facts. In explanation, he testified that Mrs. Petletsky had not asked for security and that he had voluntarily offered her the assignment. He further testified that he had told her that she could protect herself by filing it but she said it was not necessary because of her faith in him. He testified further that he subsequently asked her for a loan of additional money, whereupon she told him to borrow from others and to disregard the assignment to her.

Mrs. Petletsky, who does not read or write English, denied that she understood the nature of an assignment or that the respondent had explained it to her. She denied further that he ever attempted to borrow money from her subsequent to giving the assignment. Even accepting the respondent's version of the facts, it is clear that if Mrs. Petletsky did tell him to borrow from others, it was merely to indicate that she was unable to make further loans and with no intention of subordinating her security to the claims of subsequent lenders.

The official referee has reported that the charges of misconduct have been sustained. The record discloses that respondent has taken advantage of the trust reposed in him by his client and friend. It is the opinion of the court that he should be suspended for three months because of his conduct, with leave

to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur; GLENNON, J., taking no part.

Respondent suspended for three months.